UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE CESAR RIVAS CRUZ (A No. 209 898 279),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-2041 DJC CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons which follow, the court recommends that the petition be granted.

I. Facts

Petitioner is a citizen of Honduras.  ECF No. 9-1 at 1.  He entered the United States near Hidalgo, Texas, on or around July 3, 2021, without authorization.  ECF No. 9-2 at 8.  Petitioner was found inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), released on his own recognizance, and

/////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

ordered to appear for immigration proceedings on December 2, 2021, in San Francisco.  Id. & ECF No. 9-1 at 4.

Petitioner was ordered removed on August 14, 2025.  ECF No. 9-2 at 1-5.  He appealed that decision to the Board of Immigration Appeals (BIA) and the appeal was dismissed on March 26, 2026.  ECF No. 11.  A review of the electronic docket for the Ninth Circuit in case no. 26-1968 reveals petitioner has filed a petition for review with respect to the BIA dismissal.  The Ninth Circuit has stayed removal.

On December 18, 2025, petitioner was charged in the Superior Court of Alameda County with corporal injury to a relationship partner and damaging the cell phone of a witness.  ECF No. 10-2.  The charges are pending.  ECF No. 1 at 3.

On February 24, 2026, petitioner reported to an ICE office in San Francisco and was detained due to his Alameda County arrest.  ECF No. 9-1 at 4.  He was transferred to the California City ICE Detention Facility that same day and remains there.  ECF No. 1 at 2, 5.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Issues and Analysis

A.  Mandatory Detention Under 8 U.S.C. § 1226(c)(1)(E)

Respondents claim petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).  Under that statute a person such as petitioner who is inadmissible under 8 U.S.C.

2

§ 1182(a)(6)(A)(i) is subject to mandatory detention through the end of removal proceedings if they are charged with a crime which resulted in "serious bodily injury" to another person.

The charging documents applicable to petitioner allege he committed corporal injury "resulting in a traumatic condition." ECF No. 10-2. Respondent admits petitioner's charges do not necessarily allege serious bodily injury as that term is defined under California law. ECF No. 9 at 7. However, respondents claim that because the acts alleged may have resulted in serious bodily injury, petitioner is subject to mandatory detention unless he shows otherwise. Id. Respondents point to no authority in support of this proposition and under the statute, mandatory detention is only permitted if serious bodily injury was the result of the crime charged, not a possible result. For these reasons, the court rejects the argument that petitioner's detention is authorized by 8 U.S.C. § 1226(c)(1)(E).

B. Mandatory Detention Under 8 U.S.C. § 1231

Respondent argues that petitioner became subject to mandatory detention under 8 U.S.C. § 1231 once the BIA dismissed petitioner's appeal. ECF No. 11. Under that statute, petitioner is subject to mandatory detention during the "removal period." 8 U.S.C. § 1231(a)(2). The removal periods begins on the latest of the following:

(i)    The date the order of removal becomes administratively final.

(ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

With respect to petitioner, the "removal period" has not begun because his removal order is being judicially reviewed and his removal is stayed. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1231.

/////

/////

/////

3

C.    Bond Hearing Required Under 8 U.S.C. 1226(a)

Petitioner claims he has a statutory right to a bond hearing under 8 U.S.C. § 1226(a). Respondent claims petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).  As the court recently held in Puac v. Warden, Cal. City ICE Det. Facility, No 1:26-cv-1388 TLN CKD P, 2026 WL 1133274, *2 (E.D. Cal. April 27, 2026), 8 U.S.C. § 1226, rather than § 1225 applies to individuals such as petitioner who were arrested inside the United States as opposed to at the border around the time of entry.  Accord Fernandez Alvarez v. Warden, Fed. Det. Cntr. Miami, No. 25-14065, 2026 WL 1243395, *18 (11th Cir. May 6, 2025) ("§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior"); Barbosa da Cunha v. Freden, No. 25-3141-pr, 2026 WL 1146044, at *2, 3 (2nd Cir. Apr. 28, 2026) (8 U.S.C. § 1226(a) governed petitioner's detention where petitioner was arrested within the interior of the United States after living here for over twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)").  But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings.  After arrest, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2).  If the arrestee wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.

Alternative to a bond hearing, petitioner seeks outright release from custody.  The court has held that aliens who had been released into the country, never charged with a crime and not subject to a final order of removal were entitled to release because of ICE's failure to provide a

4

bond hearing at or around the time of arrest.  E.g. Malla v. Warden, Golden State Annex ICE Det. Fac., No. 1:26-cv-2402 DAD CKD P, 2026 WL 1102941 (E.D. Cal. April 23, 2026).  Here, petitioner is charged with a crime and is subject to a final order of removal with removal being stayed by the Ninth Circuit.

In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court upheld mandatory detention during the remainder of removal proceedings for persons convicted of crimes enumerated in 28 U.S.C. § 1226(c).  In so doing, the Court recognized the strong public interest in decreasing criminal activity by aliens and completion of removal.  Id. at 518.  The Court found:

> First, as Congress explained, "[a]liens who enter or remain in the United States in violation of our law are effectively taking immigration opportunities that might otherwise be extended to others." S.Rep. No. 104–249, p. 7 (1996). Second, deportable criminal aliens who remained in the United States often committed more crimes before being removed. . .
>
> Congress also had before it evidence that one of the major causes of the INS' failure to remove deportable criminal aliens was the agency's failure to detain those aliens during their deportation proceedings. See Department of Justice, Office of the Inspector General, Immigration and Naturalization Service, Deportation of Aliens After Final Orders Have Been Issued, Rep. No. I–96–03 (Mar.1996), App. 46 (hereinafter Inspection Report) ("Detention is key to effective deportation"); see also H.R.Rep. No. 104–469, p. 123 (1995).

Id. at 518-19.

> [Mandatory] detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed. . . Congress had before it evidence suggesting that permitting discretionary release of aliens pending their removal hearings would lead to large numbers of deportable criminal aliens skipping their hearings and remaining at large in the United States unlawfully.

Id. at 528.  The ability of the executive to detain aliens pending removal, within limits, is undeniable.  Zadvydas, 533 U.S. at 711 (KENNEDY, J., dissenting) ("Congress' power to detain aliens in connection with removal or exclusion . . . is part of the Legislature's considerable authority over immigration matters").

/////

Considering the government interests articulated by the Supreme Court in <u>Demore</u>, the government's general ability to detain aliens awaiting removal, the fact that petitioner has been charged with a crime which at least presents the possibility that petitioner is a danger to the public and that the charges plus the late stage of removal proceedings at least present the possibility that petitioner is a flight risk, a bond hearing where flight risk and dangerousness can be assessed is the appropriate remedy as opposed to outright release.  <u>See</u> <u>Singh v. Chestnut</u>, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery, because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report").

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Within 7 days of the adoption of these findings and recommendations, petitioner be provided with a bond hearing before an immigration judge where petitioner is entitled to release if he can establish he is neither a flight risk nor a risk to the community.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven (7)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cruz2041.imm.frs

6